UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY CUMMINGS,

        Plaintiff,                      Case No: 1:14-cv-1281

v                                           HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER**

        Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DIB). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation (Dkt 14). Defendant filed a response to the objections (Dkt 15). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

**I**

        In his first objection to the Report and Recommendation, Plaintiff objects to the Magistrate Judge's analysis of his first issue presented, which, in pertinent part, concerned the medical evidence that Plaintiff met or equaled the requirements of Listing 3.02A (Objs., Dkt 14 at PageID.346).

According to Plaintiff, "he provided the necessary medical documents to the ALJ for the adjudicator to evaluate," and the Magistrate Judge erred in asserting that "Plaintiff was obligated to submit additional memoranda proving he met and/or equaled the listing requirement" (*id.*).

In response, Defendant argues that there is no error on this point where, "[a]s explained by the Magistrate Judge, the evidence submitted . . . did not meet the qualitative rigor required by the Listing" (Dkt 15 at PageID.351). Defendant points out that Plaintiff "does not directly engage the Magistrate Judge's reasoning on this point" (*id.* at 350).

Plaintiff's objection lacks merit.

The ALJ noted the "poor ... quality" and consequent unreliability of the results of the March 6, 2014 pulmonary function test upon which Plaintiff relied below (ALJ Decision, Dkt 7-2 at PageID.39). On appeal, the Magistrate Judge found that substantial evidence supported the ALJ's finding that Plaintiff did not meet or equal the requirements of Listing 3.02A (R&R, Dkt 13 at PageID.335-337). Plaintiff's objection focuses on the Magistrate Judge's determination that Plaintiff's reliance on the single test result "falls well short of satisfying his burden" (*id.* at PageID.335). Specifically, the Magistrate Judge explained that the pulmonary function test result cannot satisfy the listing because, among other problems with the results, the results were not "reproducible" (*id.* at 335-336).

As Defendant points out, Plaintiff's one-page objection does not address the problems with the results that the Magistrate Judge delineated. Although Plaintiff "incorporates his Motion for Summary Judgment ... into the argument" (Objs., Dkt 14 at PageID.345), the "purpose [of filing objections] is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge." *Freeman v. Sec'y of Health &*

*Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992). *See also Owens v. Comm'r of Soc. Sec.*, No. 1:12–cv–47, 2013 WL 1304470, at *3 (W.D. Mich. Mar.28, 2013) (determining that the court is "not obligated" to address objections that are "merely recitations of the identical arguments that were before the magistrate judge"). In short, Plaintiff's objection demonstrates his dissatisfaction with the Magistrate Judge's conclusion but no legal or factual error in the Magistrate Judge's analysis. Accordingly, the first objection is denied.

## II

Plaintiff's second objection to the Report and Recommendation appears to pose a challenge to the Magistrate Judge's analysis of his argument that the ALJ violated the treating physician rule in the weight he gave to the opinions that Ronda Sharp, M.D., expressed in her RFC questionnaire responses (Objs., Dkt 14 at PageID.347). According to Plaintiff, "[t]he Magistrate Judge wants to re-evaluate the evidence to give a whole different opinion" (*id.*).

In response, Defendant argues that "the Magistrate Judge explained why the ALJ provided good reasons for discounting Dr. Sharp's opinion," and "[t]here is nothing in this discussion to suggest that the Magistrate Judge simply re-evaluated the evidence in the first instance" (Dkt 15 at PageID.351).

Plaintiff's objection lacks merit.

The Magistrate Judge carefully described the medical backdrop against which the ALJ considered the treating physician's two-page RFC questionnaire (R&R, Dkt 13 at PageID.325 -330). The Magistrate Judge concluded that "[n]one of the opinions expressed by Dr. Sharp regarding plaintiff's disability or RFC were entitled to controlling weight" (*id.* at PageID.330-331). The Magistrate Judge determined that "the ALJ gave a more than adequate explanation of his

consideration of Dr. Sharp's statement and gave good reasons why he found that the opinions expressed therein were entitled to little weight" (*id.* at PageID.331).  That Plaintiff disagrees, for various enigmatic reasons, with the construction and weight the ALJ gave the treating physician's RFC opinion does not demonstrate any error in the review by the Magistrate Judge that requires a different result.  Accordingly, Plaintiff's second objection is also properly denied.

**THEREFORE, IT IS HEREBY ORDERED** that the Objections (Dkt 14) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 13) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.  A Judgment will be entered consistent with this Opinion and Order.


Dated: March 14, 2016                              /s/ Janet T. Neff
                                                                              JANET T. NEFF
                                                                              United States District Judge